UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                                          Case No: 2:15-cr-2-FtM-38CM

THOMAS DAQUAN DERICHO and
CORNELIUS DAVON DERICHO

### ORDER

Before the Court is Defendant, Cornelius Dericho's Motion to Reconsider (Doc. 56), filed on June 2, 2015. Defendant asks the Court to reconsider its prior Order denying Defendant's Motion to Compel Production of records of Florida Highway Patrol ("FHP") K9 Rikki. Docs. 46, 55. In light of the impending hearing on Defendant's Motion to Suppress, the Court ordered the Government to file an expedited response, which was filed on June 10, 2015 (Doc. 68). The Motion to Reconsider thus is ripe for review.

"Reconsideration of a Court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly." *Am. Ass'n of People with Disabilities v. Hood*, 278 F.Supp.2d 1337, 1339 (M.D. Fla. 2003). Courts have identified "three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; [and] (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). Here, Defendant has not pointed to any intervening change in controlling law, nor is it entirely clear that there is "new"

evidence. However, for the reasons that follow, the Court will reconsider its prior Order.

In the Order denying the Motion to Compel Production, the Court stated: "[c]ontrary to Defendants' assertion that Troopers purposefully selected K9 Jackle over K9 Rikki, the Government's Response makes clear that K9 Jackle was the dog specifically assigned to the FHP unit initiating the traffic stop; accordingly, Jackle was used to conduct the sniff of Defendants' vehicle." Doc. 55 at 2. Defendant's Motion to Reconsider includes an excerpt from an offense report completed by Trooper Hinton that states Trooper Grider asked Trooper Hinton whether he wanted to use K9 Rikki, or K9 Jackle.[1] Doc. 56-1. Defendant highlights the Government's failure to mention in its Response to the Motion to Compel Production this affirmative choice to use K9 Jackle, and asserts that this information is inconsistent with the Government's representation that Jackle was used merely because he was the K9 unit assigned to the Trooper conducting the traffic stop. Although it appears that Defendant had received Trooper Hinton's offense report prior to filing his Motion to Compel Production, the Court did not have the benefit of this information at the time of its initial Order denying the Motion to Compel Production.

The Government's Supplemental Response to Defendants' Motion to Compel includes an Affidavit of Trooper Michael Grider (Doc. 68-1), whom the Government states was not available for consultation at the time the Government filed its

---

[1] The briefs and attachments use two different spellings of "Jackal." For consistency's sake, the Court uses the spelling used by the Government in its initial response, "Jackle," which was also used in the Court's prior Order.

Response to the Motion to Compel Production. Doc. 68 at 1. Trooper Grider's Affidavit confirms that he, along with his dog Jackle, was the K9 unit assigned to Trooper Ferrell, the Trooper who initiated the traffic stop. Doc. 68-1 at 1. Trooper Grider's Affidavit also confirms that upon Trooper Hinton's arrival, Trooper Grider asked Trooper Hinton whether he "wanted to run his dog," but Trooper Hinton declined. *Id.* at 2. Trooper Grider states that he did so "out of respect for Trooper Hinton," who Trooper Grider lauds as "highly regarded, both nationally and internationally, as an expert in the area of highway interdiction and the use of law enforcement canines in highway interdiction." *Id.* at 1, 2.

Even considering this "new" information, the Court's analysis of the propriety of compelling the records holds true: Defendants cite no authority, nor is the Court aware of any, that requires the Government to provide as part of discovery records of a K9 that was not involved in either the stop or search of Defendants' vehicle. Upon consideration of all the evidence, the Court again concludes that Defendants have not shown that records of K9 Rikki are material or necessary to their defense, or exculpatory. Although Defendants are free to inquire as to the circumstances surrounding the choice not to use K9 Rikki during the hearing on their Motion to Suppress, the Court will not compel the Government to provide K9 Rikki's training or certification records at this time.

ACCORDINGLY, it is hereby

**ORDERED:**

Defendant, Cornelius Dericho's Motion to Reconsider (Doc. 56) is **GRANTED in part**. The motion is granted to the extent that the Court has reconsidered its prior Order (Doc. 55) in light of the new evidence, but the Court nevertheless concludes that the Motion to Compel Production (Doc. 46) properly was, and therefore remains, denied.

**DONE** and **ORDERED** in Fort Myers, Florida on this 11th day of June, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record